UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID M. GASKIN, ) | |
|              Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-001802-TWP-TAB |
| ) | |
| UNITED STATES OF AMERICA. ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of David M. Gaskin ("Mr. Gaskin") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

*Background*

The parties have stipulated to the following facts (docket 14):

1. Mr. Gaskin was convicted of felon in possession of a firearm under 18 U.S.C. § 922(g)(1), in the United States District Court for the Southern District of Indiana, Indianapolis Division, and was sentenced to a term of 63 months to be followed by a 3 year term of supervised release, by Judgment and Conviction dated August 19, 2014.

2. Under U.S.S.G. § 2K2.1, Mr. Gaskin had a base offense level of 20, because his offense was committed subsequent to at least one felony conviction for a crime of violence. Gaskin PSI ¶ 18. The definition of crime of violence is the definition under the career offender guideline found at U.S.S.G. § 4B1.1.

3. The one predicate crime of violence giving rise to Mr. Gaskin's increased base offense level was a resisting law enforcement conviction incurred in Marion County, Indiana (PSI ¶ 38). No other potential crimes of violence appear on Mr. Gaskin's record.

4. On June 26, 2015, the United States Supreme Court held the residual clause of the Armed Career Criminal Act ("ACCA") unconstitutional. *Johnson v. United States*, 135 S.Ct. 2551 (2015). Subsequently, the United States Supreme Court held that *Johnson* announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to ACCA defendants. *Welch v. United States*, 136 S.Ct. 1257 (2016).

5. The parties agree that Mr. Gaskin's resisting law enforcement conviction cited by the PSI relied upon the residual clause of § 4B1.1 for classification as a career offender. After consultation, the parties stipulate that if *Johnson* applies, a sufficient number of prior convictions which would count for career offender status would not exist.

6. Mr. Gaskin's entitlement to relief in this case depends on the retroactive application of *Johnson* to the guidelines, rather than the ACCA. The parties agree that if *Johnson* applies to the guidelines and is retroactively applicable on collateral review, Mr. Gaskin is entitled to relief.

*Discussion*

This action was stayed pending the Supreme Court's decision in *Beckles v. United States,* 137 S.Ct. 886 (2017), which was to decide whether *Johnson* applies to the guidelines. Dkt. 16. On March 6, 2017, *Beckles* was decided. The Supreme Court held that "[b]ecause they merely guide the district courts' discretion, the Guidelines are not amendable to a vagueness challenge." *Beckles,* 137 S.Ct. at 894. "[W]e hold that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895.

The Court understands Mr. Gaskin's argument that prior to *Beckles,* the Seventh Circuit had held that *Johnson* applies to the residual clause in the career-offender guideline. *See United States v. Hurlburt,* 835 F.3d 715 (7th Cir. 2016). That law, however, has been abrogated by *Beckles.*

Because *Johnson* does not render Mr. Gaskin's sentence unlawful, and in fact, does not apply at all to his conviction, he is not entitled to relief in this action.

*Conclusion*

The petitioner's motion to expedite consideration of his motion under § 2225, dkt. [22], is **granted,** consistent with this Entry. The foregoing circumstances show that Mr. Gaskin is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 1:13-cr-00078-TWP-DML-1.**

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Gaskin has failed to show that reasonable jurists would find it "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 7/25/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

Electronically registered counsel

David M. Gaskin, #12753-027
Chicago MCC
Inmate Mail/Parcels
71 West Van Buren Street
Chicago, IL 60605